GALVESTON DRY GOODS COMPANY v. CHARLES FRENKEL, TRUSTEE.

Decided April 5, 1905.

**Bankruptcy—Preference—Notice.**

A transfer of property by an insolvent debtor, made within four months prior to the adjudication of his bankruptcy is not voidable by the trustee in bankruptcy as a preference unless the transferee or his agent acting for him had reasonable cause to believe that it was intended by the transfer to give a preference.

Appeal from the District Court of Galveston. Tried below before Hon. R. G. Street.

*Wm. B. Lockhart* and *Jas. B. & Chas. J. Stubbs,* for appellant.— To avoid a preference under the bankrupt law it is essential to prove not only the insolvency of the debtor at the time of the transfer, but also that the transferee must have had reasonable cause to believe that the debtor intended to give a preference, which necessarily involves reasonable cause to believe that the debtor was insolvent, and that he intended to violate the provisions of the law; and where there is either conflict of evidence, or where different deductions may be drawn from the evidence, the issue must be left to the decision of the jury. Pirie v.

Chicago Title and Trust Co., 182 U. S., 438, 45 L. Ed., 1171; Bankrupt Act of 1898, secs. 60 a, b, 67 e; In re Eggert, 98 Fed. Rep., 843, affirmed, 102 Fed. Rep., 742; In re Goodhile, 130 Fed. Rep., 471; In re Ratliff, 107 Fed. Rep., 82; McNair v. McIntyre, 113 Fed. Rep., 114; Jones v. Simpson, 116 U. S., 609, 29 L. Ed., 742; Grant v. Bank, 97 U. S., 80, 24 L. Ed., 972; Stucky v. Masonic Savings Bank, 108 U. S., 74, 27 L. Ed., 640; Jacobs v. Van Sickle, 123 Fed. Rep., 341; Githens v. Shiffler, 112 Fed. Rep., 505; Hughes' Fed. Proc., 139, 140; Brandenburg on Bankruptcy, 563; Collier on Bankruptcy, 425; Tennent, etc., Co. v. Partridge, 84 Texas, 329; Hadock v. Hill, 75 Texas, 193; Haas v. Kraus, 75 Texas, 106; Le Gierse v. Whitehurst, 66 Texas, 244; Oppenheimer v. Halff, 68 Texas, 409; Edwards v. Anderson, 6 Texas Ct. Rep., 119; Blum v. McBride, 69 Texas, 63; Ellsworth v. Graber, 69 Texas, 226; Congleton v. Schreihofer (N. J.), 54 Atl. Rep., 144; Gamble v. Elkin (Pa.), 54 Atl. Rep., 783.

*Kleberg, Davidson & Neethe,* for appellee.—On the question of insolvency and notice, counsel cited: United States Bank. Law 1898, secs. 60 a, 60 b, 70; Walburn v. Babbitt, 16 Wall., 577; Wager v. Hull, 16 Wall., 584; Buchanan v. Smith, 16 Wall., 277; Hoover v. Wise, 91 U. S., 308; In re Conhaim, 97 Fed. Rep., 923; Pirie v. Trust Co., 182 U. S., 438; Brandenburg on Bankruptcy, p. 569, par. 18; Ellser v. Graber, 69 Texas, 226; Blum v. Simpson, 66 Texas, 84; Goldberg v. Harlan, 67 N. E. Rep., 707; Lampkin v. Bank, 71 S. W. Rep., 715; Calkins v. Bank, 73 S. W. Rep., 1098; McFarlan v. Wells, 74 S. W. Rep., 879; Harris v. Bank, 75 S. W. Rep., 1053; Lowell on Bankruptcy, pp. 56, 73, 74, 78, 98; Brandenburg on Bankruptcy, p. 562, sec. 10.

JAMES, CHIEF JUSTICE.—The suit was brought by Frenkel as trustee in bankruptcy for Roark & Co., against the appellant, to recover the sum of $1,900, alleging certain preferences given by the bankrupts to them within four months prior to the adjudication of bankruptcy; that at the time of such transactions the copartnership of Roark & Co., and the individuals composing same, were insolvent; that appellant and their agents knew, or had reasonable cause to believe, that they were insolvent, and that by such transfers and payments it was intended to give a preference to appellant and enable it to obtain a greater percentage of the debt then due it from said Roark & Co. than any other of their creditors holding claims of the same class as the appellant would obtain, and that, in fact, appellant did obtain therefrom a preference and larger percentage.

The court charged the jury that plaintiff was entitled to recover $923.65, the value of a stock of goods received by defendant, and $300, the value realized by defendant from certain other goods received by them, with certain interest on said sums. The charge was, in effect, a denial of plaintiff's right to recover for other matters, and this is the effect of the judgment. The charge and the judgment entered are not complained of, except by appellant, as to items referred to in the instruction.

The existing Bankrupt Act (sec. 60 a, U. S. Comp. Stats., 1901) provides: "A person shall be deemed to have given a preference, if,

being insolvent, he has procured or suffered a judgment to be entered against himself in favor of any person, made a transfer of any of his property, and the effect of the enforcement of such transfer will be to enable any one of his creditors to obtain a greater percentage of his debts than any other of such creditors of the same class."

Section 60 b. "If a bankrupt shall have been given a preference, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person."

The enactment is in such clear terms as to make known its meaning unmistakably. The bankrupt must have been insolvent, as that term is defined in the Act, and must have made a transfer within the specified period which would have the effect specified. But this was not enough. The transferee or his agent, acting for him, must have had reasonable cause to believe that it was intended by the transfer to give a preference.

· The court, in this instance, must have considered that the evidence undisputably showed that Roark & Co., at the time the transaction occurred, were in fact insolvent (with this we are disposed to agree), and that defendant or its agents had reasonable cause to believe that, by them, a preference was intended. With this we can not agree. We have no desire to discuss the testimony, especially in a case of this kind, where · it consists largely and necessarily in circumstances, the inferences to be drawn from which are strictly questions of fact. Circumstances may be so cogent, and point so unmistakably to a fact, that the court might be authorized to assume it. But such cases would be exceptional, and the testimony here does not present such a case. Whether or not defendant had reasonable cause to believe that the acts were intended as preferences should have been submitted to the jury.

Having considered the testimony and reached this conclusion, the judgment must be reversed, however, to be tried only upon the two matters referred to in the charge. The judgment is not complained of by any one in respect to other transactions or preferences alleged, and they should be regarded here as properly settled in favor of the defendant. The other assignments of error are overruled. Reversed and remanded.

*Reversed and remanded.*